IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ANTOINNETTEIA KNIGHT, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 24-1938-BAH |
| CITIFINANCIAL, INC., ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Antoinnetteia Knight ("Plaintiff") filed the above-captioned complaint *pro se*. The Court previously granted Plaintiff's motion to proceed in forma pauperis and directed Plaintiff to show cause why the complaint should not be dismissed for failure to state a claim. *See* ECF 8. Plaintiff responded to the Court's order. ECF 9. The Court has reviewed Plaintiff's response and finds that it fails to cure the complaint's deficiencies outlined in the November 8, 2024 memorandum and order. Therefore, the complaint will be dismissed.

As the Court explained, the complaint contained either no or insufficiently few facts concerning defendants Resources Real Estate Services, LLC, First Franklin c/o Security Connection & Citi Group, Golden Trust & Escrow, LLC, Jessica LaPrade, or Fidelity National Title Insurance Co., William Wertman, the firm of Kristine D. Brown, and Lifestyle Realty Management, LLC. ECF 8, at 5. Plaintiff's response does not provide any more specific allegations about these defendants. *See generally* ECF 9.

The Court further explained that Plaintiff's state law claims against Nationstar stemming from the foreclosure sale were doubly barred by res judicata, because Judge Gallagher had

previously found them to be barred by res judicata and that that her state law claims were untimely in *Knight v. Nationstar Mortg.*, LLC, Civ. No. SAG-23- 3502, 2024 WL 3046408 (D. Md. June 18, 2024) ("*Knight II*"). ECF 8, at 5–7. The Court also explained that Plaintiff had not stated a constitutional claim against Baltimore City. *Id.* at 9–10. While Plaintiff repeats many of the allegations in her complaint, she does not explain how the state law claims are not barred under the reasoning of *Knight II*, and has not stated a constitutional claim against Baltimore City.

Plaintiff's response begins with an overview of the Federal Housing Administration, the Department of Veterans Affairs Loan Guaranty Service Home Loan Program, mortgages generally, and government stimulus efforts following the 2008 market crash. ECF 9, at 5–10. She alleges that "[e]ach of the Defendants that are Banks" violated Maryland consumer protection laws, engaged in "unfair, deceptive, and unlawful servicing processes" and "loan modification and loss mitigation processes," and engaged in "wrongful conduct related to foreclosures." *Id.* at 10–16 (emphasis and capitalization deleted); *id.* at 22. However, none of the factual allegations related to these general misconduct allegations are specific enough to state a claim for relief.

Plaintiff also seeks to allege several new causes of action, none of which are viable. First, she alleges violation of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901 et seq., because Plaintiff's husband was a retired veteran and the Defendant Banks failed to abide by the requirements of the SCRA. ECF 9, at 20–21. The SCRA "provide[s] for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902(2). Plaintiff admits that her husband had retired from the military, and indeed it appears he had passed away by the time Plaintiff alleges the Defendant Banks violated the SCRA. *See* ECF 9, at 21 ("Plaintiff -as the widow of James Knight (a veteran)- affected by such wrongful conduct suffered damages and is

aggrieved under the SCRA[.]"). As the SCRA "prescribes procedural measures designed to ensure that *active duty* servicemembers are not surprised during their deployment by adverse legal or financial consequences at home," *Rouse v. Moore*, 724 F. Supp. 3d 410, 420–21 (D. Md. 2024) (emphasis added), it is plainly inapplicable here.

She also alleges violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq. ECF 9, at 23–24. The FCA seeks "to combat fraud perpetrated against the United States." *Rahmi v. Jackson Kelly Atty's at Law,* No. 13-cv-132, 2014 WL 1233740, at *4 (N.D. W. Va. Mar. 25, 2014). To achieve this goal, the Act imposes civil liability on any person who, *inter alia*, "knowingly presents, or causes to be presented, to [the United States government] a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a). The complaint and response, taken together, do not appear to allege any facts that come close to alleging an FCA claim. Even if they did, Plaintiff's FCA claim is barred because "a private right of action does not exist for *pro se* plaintiffs under the False Claims Act." *See Hamilton v. N. VA Dist. Office*, No. 20-cv-644, 2021 WL 3417962, at *3 (E.D. Va. 2021) (citing *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007)).

Further, she alleges violation of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a. "FIRREA establishes an administrative process that allows the [FDIC], acting as receiver for a failed institution, to settle claims against that institution and liquidate its assets." *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 919 (4th Cir. 1996) (citing 12 U.S.C. § 1821(d)). While § 1833a concerns civil penalties under FIRREA, it does not create a private right of action. *See Fields v. Faircloth*,

No. 17-4037-DDC, 2017 WL 8408249, at *2 (D. Kan. June 30, 2017) (finding that a *pro se* plaintiff could not bring an action under 12 U.S.C. § 1833a because under the statute, only the Attorney General can); *Lundstedt v. Deutsche Bank Nat'l Tr. Co.*, No. 3:13-CV-001423 (JAM), 2016 WL 3101999, at *5 (D. Conn. June 2, 2016) (same); *United States ex rel. Houpt v. Wells Fargo Bank, N.A.*, No. 4:17-CV-00377-CWD, 2019 WL 591441, at *15 (D. Idaho Feb. 13, 2019) (collecting cases holding that only the Attorney General may bring an enforcement action), *aff'd sub nom. Houpt v. Wells Fargo Bank, N.A.*, 800 F. App'x 533 (9th Cir. 2020). Thus, Plaintiff cannot state a claim under FIRREA.

Because Plaintiff's response does not cure the deficiencies in the complaint, and for the reasons stated in the Court's November 8, 2024 memorandum and order, pursuant to the Court's "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), its authority to dismiss a complaint sua sponte for failure to state a claim, *Webb v. EPA*, 914 F.2d 1493 (Table) (4th Cir. 1990), and its duty to screen complaints filed in forma pauperis pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

Accordingly, it is this 20th day of December, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's complaint is DISMISSED;
2. The Clerk is DIRECTED to CLOSE this case; and
3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge

4